IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCIPLE PACKAGING LLC,<br><br>    PLAINTIFF,<br><br>V.<br><br>GENERAL MILLS, INC. D/B/A GENERAL MILLS,<br><br>    DEFENDANT. | CASE NO. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Principle Packaging LLC ("Principle Packaging" or "Plaintiff"), by and through its undersigned counsel, hereby respectfully submits this Complaint against the above-named Defendant, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,648,163 (the "'163 patent" or "patent-in-suit").

**THE PARTIES**

2. Plaintiff, Principle Packaging LLC, is a Texas Limited Liability Company with an office and place business at 1400 Preston Rd., Plano, TX 75093.

3. On information and belief, Defendant, General Mills, Inc. d/b/a General Mills ("General Mills" or "Defendant"), is a Delaware corporation with its principal office located IN Golden Valley, Minnesota. General Mills may be served with process by serving its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware, 19904.

4. Upon information and belief, Defendant's goods that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District of Delaware.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over General Mills because it has committed, and continues to commit, acts of infringement in the state of Delaware, has conducted business in the state of Delaware, and/or has engaged in continuous and systematic activities in the state of Delaware. The Court has personal jurisdiction over General Mills, including because General Mills has minimum contacts within the State of Delaware; General Mills has purposefully availed itself of the privileges of conducting business in the State of Delaware; General Mills regularly conducts business within the State of Delaware; and Plaintiff's cause of action arises directly from General Mills' business contacts and other activities in the State of Delaware, including at least by virtue of General Mills' infringing packaging, which are at least made, used, sold, and/or offered for sale in the State of Delaware. Further, this Court has general jurisdiction over General Mills, including due to its continuous and systematic contacts with the State of Delaware. Further, on information and belief, General Mills is subject to the Court's jurisdiction, including because General Mills has committed patent infringement in the State of Delaware.

7. Venue is proper for General Mills in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400. Without limitation, on information and belief, General Mills resides in Delaware, including by virtue of its incorporation in Delaware, and at least some of its infringement of the patent-in-suit occurs in Delaware.

## INTRODUCTION

A.   *Principle Packaging LLC*

8. The intellectual property comprising designs and configurations for packaging owned by

Principle Packaging enable substantial benefits to users of that technology, including with respect to balancing the need for an easy opening lid with the structural requirements of the packaging, as well as other benefits mentioned in the patent-in-suit.

9. The original holder of the patent-in-suit is one of the largest world's producers, distributors, and marketers of branded processed food.

10. Principle Packaging is the current assignee of the patent-in-suit and has standing to bring this lawsuit, including the right to recover damages for past, present, and future infringement of the patent.

B.   *Patent-in-Suit*

11. The patent-in-suit is U.S. Patent No. 6,648,163 (the "'163 Patent"). The '163 Patent was filed as application No. 09/944,733 with the United States Patent and Trademark Office ("USPTO") on August 31, 2001. The '163 Patent issued on November 18, 2003.

12. Asserted Claim 1 of the '163 Patent, for example, covers the following:

1. A package for foodstuffs comprising;
    a cup having an opening surrounded by a flange, said flange having a substantially planar inner sealing surface adjacent said opening and an outer beveled surface spaced outwardly of said sealing surface, said beveled surface extending along a periphery of said flange; and
    a lid having a tab extending outward of said periphery of said flange, said lid affixed to said substantially planar inner sealing surface thereby sealing said opening of said cup.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,648,163**

13. Plaintiff refers to, and incorporates, the allegations in the above paragraphs as if set forth fully herein.

14. The '163 Patent, entitled "Packaging having cup with beveled sealing flange," was duly and legally issued by the USPTO on November 18, 2013 after full and fair examination.

15. The claims of the '163 Patent cover, *inter alia*, packaging for foodstuffs that comprise a cup and a lid.

16. General Mills has infringed, and is now infringing, including literally and/or equivalently, the '163 Patent, including at least claim 1, 2, 3, 11, 14, 16, 17 and 18, in this judicial district and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, and/or selling, without authority from Plaintiff, packages of foodstuffs comprising a cup having an opening surrounded by a flange, said flange having a substantially planar inner sealing surface adjacent said opening and an outer beveled surface spaced outwardly of said sealing surface, said beveled surface extending along a periphery of said flange; and a lid having a tab extending outward of said periphery of said flange, said lid affixed to said substantially planar inner sealing surface thereby sealing said opening of said cup.  Said packages comprise at least those for General Mills Cup Cereal.

17. On information and belief, General Mills has had at least constructive notice of the '163 Patent pursuant to the Patent Act. Further, General Mills will, at a minimum, have actual notice of the '163 Patent at least upon being notified of and/or formally served with a copy of this Complaint.

18. General Mills' infringement of the '163 Patent is clear, unmistakable, and inexcusable. To the extent General Mills continues the infringing activities described above, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that General Mills' continuance of its clear and inexcusable infringement of the '163 Patent post notice and at a minimum post-suit suit would be and is willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, and/or characteristic of a pirate.

19. On account of the foregoing, Plaintiff contends such activities, at a minimum post-suit, by General Mills would and do qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Thus, Plaintiff requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284. Plaintiff reserves the

right to take discovery regarding General Mills' first actual notice of the '163 Patent, including as related to whether General Mills' infringement is or was willful, and to the extent such notice preceded this suit being filed.  To the extent that the evidence shows that General Mills had pre-suit awareness of the '163 Patent, then Plaintiff's willfulness case should be deemed to include pre-suit infringement as well.

20. Each of General Mills' aforesaid activities have been without authority and/or license from Plaintiff.

## DAMAGES

21. By way of its infringing activities, General Mills has caused, and continues to cause, Plaintiff to suffer damages, and Plaintiff is entitled to recover from General Mills the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. General Mills' infringement of Plaintiff's rights under the patent-in-suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

23. Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## JURY DEMAND

24. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

25. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the patent-in-suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's past infringement, together with pre-judgment and post-judgment interest, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A grant of preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and all persons, including its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation therewith, from making, using, offering to sell, or selling in the United States or importing into the United States any packaging that infringe any claim of the patent-in-suit, or contributing to or inducing the same by others from further acts of infringement with respect to the claims of the patent-in-suit;

D. That this Court declare that at least Defendant's post-suit infringement has been, and continues to be, willful, including that Defendant acted to infringe the patent-in-suit despite an objectively high likelihood that its actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, fees, and prejudgment and post-judgment interest for Defendant's infringement of the patent-in-suit as provided under 35 U.S.C. §§ 284 and/or 285; and

G. Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

March 23, 2018

Respectfully submitted,

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis
  stamoulis@swdelaw.com
  Bar No. 4606
Richard C. Weinblatt
  weinblatt@swdelaw.com
  Bar No. 5080
**STAMOULIS & WEINBLATT LLC**
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

John J. Edmonds
  jedmonds@ip-lit.com
  Texas Bar No. 789758
Shea N. Palavan
  spalavan@ip-lit.com
  Texas Bar No. 24083616
**COLLINS EDMONDS & SCHLATHER, PLLC**
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535

*Attorneys for Plaintiff,*
*Principle Packaging LLC*